IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEE J. FISCHER,

        Plaintiff,

v.

COMMISSIONER, Social
Security Administration,

        Defendant.

Case No. 6:16-cv-00740-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Lee J. Fischer brought this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final action of the Commissioner of Social Security (the "Commissioner") denying plaintiff Disabled Child's Insurance Benefits under Title II of the Act, § 202(d)(1)(B)(ii), *as amended*, 42 U.S.C. § 402(d)(1)(B)(ii). Plaintiff requested a determination that she became disabled before her twenty-second birthday, and thus

was entitled to Disabled Child's benefits. The Administrative Law Judge ("ALJ") had found that plaintiff became disabled beginning April 2, 2012, after her twenty-second birthday, but not before. The ALJ found that plaintiff was disabled due to the severe impairments of major depressive disorder, generalized anxiety disorder, and panic disorder. On February 24, 2017, this Court issued an Opinion and Order reversing the Commissioner's decision, determining that plaintiff became disabled by these mental impairments at least December 1, 2009, when plaintiff was twenty-one years old, and reversing and remanding for calculation and immediate award of benefits with a disability onset date of December 1, 2009. (Docket No. 15). The Commissioner now timely moves for the Court to amend or correct its judgment under Fed. R. Civ. P. 59(e) and to remand for a new hearing. (Docket No. 17). Plaintiff opposes. (Docket No. 18). For the following reasons, the Court DENIES the Commissioner's Motion.

## BACKGROUND

The Court detailed the factual and procedural background of this action more fully in its February 24, 2017, Opinion and Order (Docket No. 15), and so provides only an abbreviated version here. On April 29, 2016, plaintiff commenced this action, seeking review of the Commissioner's decision denying her Disabled Child's Insurance Benefits, asking the Court to reverse the ALJ's decision and remand for immediate calculation and payment of benefits, or in the alternative, for further administrative proceedings. *See* Compl., Pl.'s Br. (Docket Nos. 1, 8). The Commissioner opposed plaintiff's Complaint in part, and requested that the Court remand for further administrative proceedings. *See* Def.'s Br. (Docket No. 13). The Court determined that the ALJ erred in two respects in his decision, and, exercising its discretion under the "credit-as-true" doctrine," *see, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), found that the record compelled the determination that plaintiff's disability began December 1, 2009. Op.

& Order, at 21-23 (Docket No. 15). The Court thus reversed the ALJ's decision and remanded for the immediate calculation and award of benefits. *Id.* at 24. The Commissioner now asks the Court to amend or correct that decision and remand for further proceedings, rather than for an immediate award of benefits. (Docket No. 17).[1] The Commissioner argues that the Court committed clear error in its Opinion and Order.

## LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment, that is, the party may move for reconsideration. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Such a motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.*; *see also Van Derheydt v. County of Placer*, 32 F. App'x 221, 223 (9th Cir. 2002) ("Rule 59(e) is intended to afford relief only in extraordinary circumstances, and not to routinely give litigants a second bite at the apple."). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The court does not review de novo the legal basis for its earlier decision, but rather reviews only for clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*,

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 12).

229 F.3d at 890 (emphasis in original). A motion for reconsideration is properly denied where it presents only arguments that were already raised and rejected by the court. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-cv-1375-AC, 2016 WL 96147, at *2 (D. Or. Jan. 7, 2016) ("The motion to reconsider should not be used to ask the court to rethink matters already decided."). "[A] motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a *strongly convincing nature* to induce the court to reverse its prior decision." *Romtec Utils. Inc. v. Oldcastle Precast, Inc.*, No. 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (emphasis added).

## ANALYSIS

The Commissioner argues that the Court erred in its Opinion and Order in two regards: one, that the Court erred in not finding the opinion of treating physician John Ford, M.D., in conflict with other evidence in the record and in crediting it as true; and two, that the Court erred in the sequential application of the credit-as-true doctrine by which it determined that the ALJ was required to find plaintiff disabled as of December 1, 2009.

### I. Dr. John Ford's Opinion

In its Opinion and Order, the Court found that the ALJ erroneously determined that the opinion of treating physician John Ford, M.D., merited no weight as it applied to the time before he began treating plaintiff. Op. & Order, at 15-17 (Docket No. 15). The Court held that this was a legally insufficient reason to disregard Dr. Ford's statements, because the law clearly holds that retrospective opinions are competent evidence, and that to disregard a retrospective opinion merely because it is retrospective is legal error. *Id.* at 16-17. The Court held that the ALJ should

have credited Dr. Ford's testimony regarding plaintiff's disabling mental impairments dating back to December 2009. *Id.* at 17.

In a footnote, the Court also addressed a secondary argument that the Commissioner had raised in arguing that Dr. Ford's testimony should not be credited as true, namely, because there were certain conflicts as to that testimony. The Court first analyzed the purported conflicts and found that there were no such conflicts. The Court then went on to observe that the ALJ himself had not noted or based his decision on the purported conflicts that the Commissioner raised, namely, a conflict as to the onset date of plaintiff's gastrointestinal problems. (These gastrointestinal problems were symptoms of plaintiff's mental impairments and grew in severity after plaintiff first became disabled in 2009, but they were not the basis of the finding that plaintiff was disabled—the aforementioned mental impairments were.) The Court thus stated:

> The court may not affirm an ALJ's decision on grounds on which the ALJ did not rely. *Orn* [*v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)]. Accordingly, there is no conflict with regard to Dr. Ford's testimony, and even if there were, it would not be grounds for affirming the ALJ's decision.

Op. & Order, at 17 n.13 (Docket No. 15).

The ALJ argues that the Court incorrectly applied the rule against *post hoc* rationalizations, which it refers to as the "*Chenery* doctrine," after *S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947), because that rule prohibits only the *affirmance* of an agency's decision on grounds on which the agency did not rely, and in this case, by contrast, the Commissioner was not asking the Court to affirm the ALJ's decision. Rather, the Commissioner agreed with plaintiff that remand was necessary—her disagreement with plaintiff was over whether to remand for further proceedings, or for immediate award of benefits.

The Commissioner's argument is unpersuasive. First, the Commissioner uses the extraordinary measure of a motion for reconsideration to take issue with the Court's discussion

of a subsidiary legal issue presented in a footnote. The purported conflict regarding Dr. Ford's opinion referred to in the footnote concerned plaintiff's gastrointestinal problems, which were not the basis for the ALJ's discounting Dr. Ford's testimony. The Court's decision to remand was not based on this purported conflict but rather on the ALJ's rejection of Dr. Ford's retrospective opinion. The Commissioner's disagreement does nothing to "demonstrate reasons why the court should reconsider its prior decision" or "set forth law . . . of a strongly convincing nature to induce the court to reverse its prior decision," *Romtec Utils.*, 2011 WL 690633, at *8.

The Commissioner also argues that the Court was required to consider the Commissioner's *post hoc* rationalizations regarding Dr. Ford's testimony because the Commissioner was not asking for affirmance of the ALJ's decision, but rather for remand due to a purported conflict in Dr. Ford's opinion. That is, that the Court erred in not remanding for further proceedings based on the purported conflict. Again, the Court's opinion was based on the evidence of Dr. Ford's retrospective opinion. Any *post hoc* rationalization regarding Dr. Ford's opinion on plaintiff's gastrointestinal problems is not an issue here.

The Commissioner here is in the somewhat unusual position of agreeing with plaintiff that remand is appropriate, but not for an award of benefits. However, and somewhat inconsistently, the Commissioner asks the Court to *agree* with the ALJ that Dr. Ford's testimony should not be credited, on the grounds that there are conflicts in the record. Indeed, the Commissioner is defending the ALJ's analysis of Dr. Ford's opinion, which in this narrow regard, is akin to arguing for affirmance. However, in doing so, the Commissioner may not rely on grounds that the ALJ did not; she may not offer *post hoc* rationalizations for disregarding Dr. Ford's opinion regarding the onset of plaintiff's disability. The Court, thus, committed no error—much less clear error—in rejecting the ALJ's decision based on the ALJ's disregard of

Dr. Ford's retrospective opinion. Any purported conflict in Dr. Ford's opinion regarding plaintiff's gastrointestinal problem was not an issue for the ALJ or the Court.

## II. Application of the Credit-as-True Doctrine

In its Opinion and Order, the Court found that the ALJ had erroneously disregarded certain evidence, namely, the opinions of treating physicians James Buie, M.D., and John Ford, M.D., as well as certain lay witness testimony. The Court then stated that "when the erroneously disregarded evidence is credited as true . . . , there are no outstanding issues to resolve regarding the determination of disability, and it is clear from the record that the ALJ must find plaintiff disabled as of December 1, 2009." Op. & Order, at 21 (Docket No. 15). The Court went on to apply the "credit-as-true" doctrine, utilizing this formulation of the doctrine from the 2014 Ninth Circuit case of *Garrison v. Colvin*:

> Under the "credit-as-true" rule, three conditions "must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Id.* (quoting *Garrison*, 759 F.3d at 1020). The Commissioner, relying on a different Ninth Circuit case, also from 2014, urges a different formulation of the credit-as-true doctrine:

> In *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014), the Ninth Circuit clarified the sequence of analysis. First, the Court must determine whether the ALJ erred. *Id.* at 1100. Second, the Court must determine whether "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* at 1101 (quotations omitted). Third, if the Court concludes "that no outstanding issues remain and further proceedings would not be useful, we may . . . [find] the relevant testimony credible as a matter of law." *Id.*

Def.'s Mot. Amend Judgment, at 3-4 (Docket No. 17). That is, the Commissioner argues that the Court erred by not determining whether there were outstanding issues *before* it credited the improperly disregarded evidence as true, and erroneously credited the evidence as true first.

The Court first observes that, although plaintiff in her initial briefing urged the Court to apply the credit-as-true doctrine and to remand for immediate award of benefits, the Commissioner in her response briefing did not address this doctrine or its application. The Commissioner could and should have made this argument earlier. This is despite the fact that plaintiff, in her briefing, cited *Garrison*, which formulates the credit-as-true doctrine as articulated above. A motion for reconsideration is not the proper vehicle to raise arguments that the Commissioner was alerted to and should have made earlier. *Kona Enters.*, 229 F.3d at 890.

Also, the Court notes that the credit-as-true doctrine has been articulated in various formulations even after *Treichler*,[2] and one could dispute how to articulate the standard.

---

[2] *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (formulating, in a decision issued *after Treichler*, the credit-as-true standard as follows: "Before we may remand a case to the ALJ with instructions to award benefits, three requirements must be met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." (quotation omitted)); *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), *as amended* (Feb. 5, 2016) (requiring determination of whether there remain outstanding issues before crediting of erroneously rejected evidence as true); *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000) (explaining the interaction of the three-part "credit-as-true" test and the inquiry of whether outstanding issues remain: "Of course, [the] three-part test really constitutes a two part inquiry, wherein the third prong is a subcategory of the second: if the ALJ were not required to find the claimant disabled upon crediting the evidence, then this certainly would constitute an outstanding issue that must be resolved before a determination of disability could be made." (quotations and alterations omitted)); *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (crediting evidence as true *before* determining whether outstanding issues remain: "But applying the rule is not mandatory when, even if the evidence at issue is credited, there are outstanding issues that must be resolved before a proper disability determination can be made." (quotation omitted)); *Trnavsky v. Colvin*, 636 F. App'x 390, 391 (9th Cir. 2016) (laying out the three-prong test, then stating that "the district court may credit the rejected evidence as true as a matter of law (the 'credit-as-true' doctrine)

Nonetheless, the Court determines that this would not be productive. Even applying the credit-as-true doctrine as *Treichler* articulates, the Court's analysis and conclusion would not change. Applying the *Treichler* formulation, the Court would first determine that the ALJ erred in discounting the treating physicians' and third-party witnesses' testimony. The Court would then determine that the record was fully developed, that is, that there was ample evidence of plaintiff's disabling impairments going back to December 2009. The Court would also determine that further proceedings would not be useful, because no outstanding issues remained. Applying this sequence, the record amply demonstrates that the conditions that the ALJ found disabling as of April 2, 2012 (the date on which the ALJ found plaintiff disabled) in fact date back through to December 2009, and there is no basis in the record on which to distinguish the period between December 1, 2009, and April 2, 2012, from the period after April 2, 2012.[3] The ALJ was therefore compelled to find plaintiff disabled beginning December 1, 2009. The Court cited this evidence in detail in its Opinion and Order. *See, e.g.*, Op & Order, at 9-11, 17-20, 22 (Docket No. 15). The Court determined that there were no outstanding issues, that further proceedings would not be useful, and that the discounted testimony of Drs. Buie and Ford, and of the lay witnesses, was credible as a matter of law. The Court thus would reach the same conclusion under the Commissioner's formulation of the credit-as-true doctrine as under the formulation the Court employed earlier: plaintiff must be found disabled as of December 1, 2009.

Next, the Court finds that the Commissioner, in arguing that outstanding issues did in fact remain (specifically, the issue of plaintiff's disability onset date), relies on strained and incomplete readings of certain cases in its Motion. The Commissioner says:

---

and analyze the next two elements of the . . . test under that assumption," where the *next* two elements include analysis of whether there remain outstanding issues).

[3] That is, even without application of the credit-as-true doctrine, the record supports only one conclusion: plaintiff's disability began in December 2009.

> The Ninth Circuit has unequivocally held that the determination of a claimant's disability onset date is an "outstanding issue." *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (remanding because "outstanding issues must be resolved before a proper determination can be made" and identifying "the timing and duration of her disability" as an outstanding issue).

Def.'s Mot. Amend Judgment, at 4 (Docket No. 17), implying that determination of onset date is always an outstanding issue, or must necessarily be an outstanding issue. But *Bunnell* does not so hold. Rather, the correct reading of *Bunnell* is that *in that case*—under the facts as presented there—the onset date of that particular plaintiff's disability was an outstanding issue. *See Bunnell*, 336 F.3d at 1116 (listing outstanding issues that existed in the record, including "the timing and duration of [claimant's] disability"). *Bunnell* did not state that disability onset date is always or inherently an outstanding issue, despite the Commissioner's suggestion. Moreover, the Court in its Opinion and Order cited numerous cases in which courts were able to determine the disability onset date when remanding for immediate award of benefits (thereby determining that the onset date was not an outstanding issue). Op & Order, at 23 (Docket No. 15). The Commissioner fails to address this authority in her Motion.[4]

Finally, the Commissioner now brings *additional*, new arguments in her Motion as to why she believes remand for further proceedings is required: because there is conflicting evidence regarding plaintiff's gastrointestinal problems, and because plaintiff may not have established a continuous twelve-month period of disabling conditions. These arguments, however, do not reflect new evidence or a change in the law, and so it is inappropriate for the Commissioner to raise them in her Motion. *See 389 Orange St. Partners*, 179 F.3d at 665. The

---

[4] In her Motion, the Commissioner also repeats her earlier argument that application of Social Security Ruling 83-20 requires remand for further proceedings. The Court already disposed of this argument and adheres to its earlier analysis. *See* Op. & Order, at 20-21 (Docket No. 15). The Commissioner should not use a motion for reconsideration merely to repeat arguments already made. *See Backlund*, 778 F.2d at 1388.

Court further finds that the timeline of plaintiff's gastrointestinal problems, if there even is any discrepancy there, is beside the point. For reasons explained herein and in the Court's Opinion and Order, the record allows only the conclusion that plaintiff's disabling conditions date back to December 2009, and the Court's analysis thereof did not and does not rely on dating any gastrointestinal issues. As with her argument regarding the *Chenery* doctrine, the Commissioner is not going to succeed in convincing the Court to revisit its earlier decision by raising tangential issues that did not form the basis for the Court's original analysis or conclusion. The Commissioner has failed to demonstrate any clear error under Fed. R. Civ. P. 59(e).

## CONCLUSION

Contrary to the Commissioner's arguments, the Court committed no error, much less clear error, in its Opinion and Order. The Commissioner has not justified any reconsideration of that Opinion and Order, and has not provided any grounds for the Court to alter or amend its judgment. In essence, the Commissioner simply disagrees with the Court's ruling and wishes the Court had ruled otherwise. This is a plainly insufficient basis for the Commissioner to seek reconsideration under Fed. R. Civ. P. 59(e). That rule is for extraordinary circumstances only, and the Commissioner has fallen far short of identifying any such circumstances here. The Court thus exercises its discretion and DENIES the Commissioner's Motion to Amend Judgment (Docket No. 17).

IT IS SO ORDERED.

DATED this 10th day of May, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge