IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEE J. FISCHER,

                Plaintiff,

v.

COMMISSIONER, Social
Security Administration,

                Defendant.

Case No. 6:16-cv-00740-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

Before the Court is plaintiff Lee J. Fischer's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Docket No. 24). The Commissioner of Social Security (the "Commissioner") does not object. The Court has reviewed the proceedings and the amount of fees sought, and GRANTS plaintiff's Motion. The Court awards fees of $18,705.18, less the already-awarded Equal Access to Justice Act fees of $7,707.20, for a net of $10,997.98.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for Title II Disabled Child's Insurance Benefits on October 29, 2012, and Supplemental Security Income Benefits on September 3, 2013. Tr. 19. Her application for Disabled Child's benefits was denied initially and on reconsideration. *Id.* The Supplemental Security Income Benefits application was escalated so it could be considered alongside the Disabled Child's benefits application. *Id.* On October 23, 2014, an Administrative Law Judge ("ALJ") issued decision finding plaintiff disabled as of April 2, 2012—after her twenty-second birthday—but not before. Tr. 20, 31. This entitled plaintiff to Supplemental Social Security Income, but not Disabled Child's benefits. Tr. 30-31; 42 U.S.C. § 402(d)(1)(B)(ii). That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Tr. 1-7.[1]

Plaintiff sought review of the Commissioner's decision by filing a Complaint in this court on April 29, 2016. (Docket No. 1). Plaintiff argued that the ALJ committed three legal errors: (1) he did not give any weight to the opinions of treating physicians James Buie, M.D., and John Ford, M.D., concerning the period between December 1, 2009, and April 2, 2012; (2) he did not consider the observations of five lay third-party witnesses for the time before April 2, 2012; and (3) he did not comply with Social Security Ruling 83-20. (Docket No. 8). The Commissioner conceded that the ALJ erred by not crediting certain testimony, but argued that the appropriate remedy was remand for further proceedings and evaluation of a disability onset date. Def. Br. (Docket No. 13). On February 24, 2017, the Court issued an Opinion and Order finding that the ALJ erred by not giving weight to the physicians' opinions and not considering the third-party testimony, for the period before April 2, 2012. (Docket No. 15). The Court credited that

---

[1] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 12).

testimony as true, found that the record established a disability onset date of December 1, 2009, and remanded for calculation and immediate award of benefits. The Court entered judgment on February 25, 2017. (Docket No. 16).

The Commissioner subsequently filed a Motion to Amend Judgment, i.e., to reconsider. (Docket No. 17). The Commissioner argued that the Court committed clear error in evaluating Dr. Ford's testimony, and in applying the credit-as-true-doctrine. The Court denied the Commissioner's Motion to Amend on May 10, 2017. (Docket No. 19).

On August 9, 2017, the Court granted plaintiff's Stipulated Motion for Entry of Order Awarding Attorney's Fees Pursuant to EAJA (the Equal Access to Justice Act, 28 U.S.C. § 2412(d)). (Docket Nos. 20-23). The Court awarded $7,707.20 in attorney fees and $22.08 in expenses. (Docket No. 23). On July 15, 2017, the Social Security Administration ("Administration") issued a notice of award entitling plaintiff to benefits beginning December 2009. (Docket 24-1). The Administration determined past-due benefits of $74,820.70. *Id.*, at 3. Plaintiff received the notice on July 17, 2017. *Id.*, at 1. On August 28, 2017, plaintiff filed this Motion, which is timely under L.R. 4000-8. (Docket No. 24). The Commissioner does not oppose plaintiff's Motion.

## LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at

\*6 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, at 807 n.17 (2002)), *adopted* 2010 WL 1029809 (D. Or. Mar. 17, 2010). A § 406(b) fees award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.*, at \*6. When a court approves both an EAJA fees award and a § 406(b) fees payment, the claimant's attorney must refund to the claimant the lesser of the two. *Gisbrecht*, 535 U.S. at 796.

## ANALYSIS

The parties do not dispute that plaintiff is the prevailing party. The Commissioner does not challenge the fees requested. Nonetheless, because the Commissioner does not have a direct stake in the allocation of attorney fees, the Court must ensure that fees are reasonable. *See Gisbrecht*, 535 U.S. at 798 n.6 ("[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question . . . .").

**I.** **Fee Agreement**

Under *Gisbrecht*, the Court first examines the contingent fee agreement to ensure it is within the statutory 25% limit. 535 U.S. at 808. Plaintiff and her attorney executed a contingent-fee agreement, which provided that if her attorney obtained payment of past-due benefits, plaintiff would pay 25% of the past-due benefits awarded. (Docket No. 24-2). The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fees requested do not exceed the statute's 25% ceiling. This requires evidence of the retroactive benefits to be paid. Plaintiff has provided a notice of award from the Administration, detailing the retroactive benefits due to plaintiff and stating that the Administration has withheld funds in reserve to pay any attorney fees awarded, which may not exceed 25% of past-due benefits. (Docket No. 24-1). Plaintiff's attorney seeks

fees of 25% of the amount of retroactive benefits. After determining that the fee agreement and amount requested are within the statutory limits, the Court turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

## II. Reasonableness Factors

The Court does not view an order awarding benefits in isolation, nor presume that a fee award of 25% of retroactive benefits award is required. *Id.*, at *12. If obtaining benefits always supported awarding fees of the statutory maximum, the other *Gisbrecht* factors and "the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel bears the burden to establish the reasonableness of the requested fees. *Gisbrecht*, 535 U.S. at 807. While the Court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The Court must ensure a disabled claimant is protected from surrendering benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). Following *Gisbrecht*, the Ninth Circuit has identified the factors to consider when evaluating the reasonableness of requested fees: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fees; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-52 (citations omitted). The Ninth Circuit also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a § 406(b) award. 586 F.3d at 1153. It focused the risk inquiry, however, stating

that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.*

### A. Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction fees for that reason. Plaintiff's attorney prevailed by obtaining a remand for calculation and immediate award of benefits, and defending against a motion for reconsideration.

### B. Results Achieved

The Court ordered the remand for calculation and immediate award of benefits, a significantly positive result obtained by plaintiff's attorney.

### C. Undue Delay

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction may be appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Plaintiff commenced this action on April 29, 2016 (Docket No. 1), filed her opening brief on September 29, 2016 (Docket No. 8), and filed her reply brief on January 9, 2017 (Docket No. 14). Plaintiff timely opposed the Commissioner's Motion to Set Aside Judgment. (Docket No. 18). The pendency of this action did not present any undue delay. Accordingly, no reduction of counsel's fee request is warranted.

### D. Proportionality

Finally, a court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The

Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's attorney filed a 20-page opening brief asserting numerous errors, as described above, that the ALJ allegedly committed. (Docket No. 8). Plaintiff's attorney also filed a 10-page reply brief (Docket No. 14), and a 9-page response to the Commissioner's Motion to Set Aside Judgment (Docket No. 18). The case was remanded for the calculation and immediate award of benefits, which resulted in an award of past-due benefits to plaintiff of $74,820.70. (Docket No. 24-1). $18,705.18 for attorney fees was withheld. *Id.*

Plaintiff's attorney reports spending 80.2 hours on this matter, including defending the motion for reconsideration, through the EAJA fees application. (Docket No. 24-3). While this is greater that the number of hours often approved in Social Security cases, *e.g.*, *Jones v. Colvin*, No. 6:10-cv-06354-SI, 2013 WL 6230615, at *2 (D. Or. Nov. 27, 2013) (51.85 hours); *Provancha v. Colvin*, No. 6:12-cv-0923-SI, 2015 WL 3721411, at *2 (D. Or. June 15, 2015) ("approximately 50 hours"), 14 of those hours were attributable to the motion for reconsideration, which the Court finds a reasonable amount. Additionally, because plaintiff's attorney seeks $18,705.18 in fees, and spent 80.2 hours on this matter, this results in an effective hourly rate of $233.23. Courts in this District have approved hourly rates of $1,000.00 or more. *See, e.g.*, *Ali v. Comm'r*, No. 3:10-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013); *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC, 2011 WL 2531174, at *8 (D. Or. June 24, 2011). The results achieved justify this hourly rate. Even if the Court were to find some of counsel's hours worked excessive, and reduced the total number of hours credited, this would

still result in an effective hourly rate well within what courts in this District have found reasonable. There is no indication that plaintiff's counsel would be receiving a windfall.

### E. Risk

This case presented a risk of nonpayment and potential delay in payment. Plaintiff identified multiple issues in the ALJ's decision, and the outcome of the case was far from assured. The Court therefore finds that the risk involved in this case was average, and no reduction of the requested fee is warranted based on risk or complexity.

## CONCLUSION

For the reasons stated above, the Court GRANTS plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b), in the amount of $18,705.18, less the already-awarded EAJA fees of $7,707.20, for a net of $10,997.98.

IT IS SO ORDERED.

DATED this 8th day of September, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge